UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUITTA STANTON,

        Plaintiff,

v.

        Case No.: 22-13072
        U.S. DISTRICT COURT JUDGE
        GERSHWIN A. DRAIN

CITY OF DETROIT,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND DAMAGES REGARDING DISMISSED CLAIMS [#36], GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES OR LIMIT HER EXPERTS TO ONE WITNESS [#37], AND GRANTING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE WITNESSES 12, 20, 26, 27, AND 28 [#38]**

**I.    INTRODUCTION**

Presently before the Court are Defendant City of Detroit's ("Defendant") three Motions *in Limine*, filed on September 3, 2024. ECF Nos. 36, 37, 38. In these Motions, Defendant seeks an order (1) excluding evidence and damages regarding dismissed claims, (2) excluding plaintiffs' expert witnesses or limiting her experts to one witness, and (3) excluding witnesses 12, 20, 26, 27, and 28 from Plaintiff's

lay witness list. ECF Nos. 36, 37, 38. Plaintiff Marquitta Stanton ("Plaintiff") filed a Response on September 12, 2024, and Defendant filed a Reply on September 16, 2024. ECF Nos. 40, 43. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendant's present motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

For the following reasons, Defendant's Motion *in Limine* to Exclude Evidence and Damages Regarding Dismissed Claims [#36] is GRANTED, Defendant's Motion *in Limine* to Exclude Plaintiff's Expert Witnesses or Limit Her Experts to One Witness [#37] is GRANTED IN PART and DENIED IN PART, and Defendant's Motion *in Limine* to Exclude Witnesses 12, 20, 26, 27, 28 [#38] is GRANTED.

## II. BACKGROUND

On December 19, 2022, Plaintiff filed a complaint against Defendant, alleging that Defendant wrongfully discriminated and retaliated against her on the basis of sex and her disability. ECF No. 1. Specifically, Plaintiff asserts that her rights have been violated under the Americans with Disabilities Act ("ADA") (Count 1); the Rehabilitation Act of 1973 ("Rehabilitation Act") (Count 2); the Michigan Persons with Disabilities Civil Rights Act ("PDCRA") (Count 3); Title

VII of the Civil Rights Act (Count 4); and the Elliot-Larsen Civil Rights Act (Count 5). *Id.*

Defendant filed a Motion for Summary Judgment on March 25, 2024, seeking summary judgment on all five of Plaintiff's counts. ECF. No. 25. On August 8, 2024, the Court issued an Order granting in part and denying in part Defendant's Motion. ECF. No. 34. The Court found that Plaintiff presented sufficient evidence demonstrating that genuine issues of material fact exist for a jury's determination as to her disability discrimination claims under the ADA, Rehabilitation Act, and WPDCRA claims. *Id.* Plaintiff's sex discrimination claims under Title VII of the Civil Rights Act and the ELCRA, however, failed to survive Rule 56 scrutiny and were dismissed. *Id.* Trial is scheduled to begin on October 8, 2024.

Presently before the Court are Defendant's three Motions *in Limine*, filed on September 3, 2024. ECF Nos. 36, 37, 38. In these Motions, Defendant seeks an order (1) excluding evidence and damages regarding dismissed claims, (2) excluding plaintiffs' expert witnesses or limiting her experts to one witness, and (3) excluding witnesses 12, 20, 26, 27, and 28 from Plaintiff's lay witness list. ECF Nos. 36, 37, 38. Plaintiff Marquitta Stanton ("Plaintiff") filed a Response on September 12, 2024, and Defendant filed a Reply on September 16, 2024. ECF Nos. 40, 43.

3

### III. LEGAL STANDARD

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of this motion is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion *in limine*, the guiding principle is to "ensure evenhanded and expeditious management of trials." *United States v. Anderson*, 563 F. Supp. 3d 691, 694 (E.D. Mich. 2021) (citation omitted).

A district court should grant a motion to exclude evidence *in limine* only when that evidence is clearly inadmissible on all potential grounds. *Id.* When a court is unable to make that determination, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context." *Id.* Denial of a motion to exclude evidence *in limine* does not necessarily mean that the court will admit the evidence at trial. *See Luce*, 469 U.S. at 41. "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id.*

## IV. ANALYSIS

### A. Defendant's Motion *in Limine* to Exclude Evidence and Damages Regarding Dismissed Claims

Defendant's first Motion *in Limine* seeks an order barring Plaintiff from introducing evidence and damages regarding claims that the Court has already dismissed—namely, Plaintiff's sex discrimination claims under Title VII of the Civil Rights Act and the ELCRA. ECF No. 36, PageID. 768. Defendant argues that, because these claims have been dismissed, this evidence is irrelevant under Federal Rule of Evidence 401. *Id.* at PageID.767. Even if this evidence is relevant, Defendant asserts, the Court should exclude this evidence under Rule 403 because admitting it would only serve to mislead the jury, waste time, cause undue delay, and confuse the issues. *Id.* In contrast, Plaintiff posits that evidence of the unwanted sexual advances and harassment she received from her direct supervisors is relevant to and directly probative of her constructive discharge allegation, and thus should not be excluded. ECF No. 40, PageID.793-94.

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of relevant evidence only. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A federal district court generally has broad discretion in balancing the probative value of evidence against its prejudicial impact. *United States v. Abel*, 469 U.S. 45, 54 (1984).

The Court agrees with Defendant that evidence and damages relating to the sex discrimination claims this Court dismissed on summary judgment should be excluded under Rules 401, 402, and 403. For one, given that these claims have been dismissed, this evidence lacks relevancy. *See Alexander v. Hoffman*, No. 4:16-cv-12069, 2019 WL 4640281, at *2 (E.D. Mich. Sept. 24, 2019) ("Evidence relating only to those previously dismissed claims has minimal probative value and if introduced would create a significant risk of creating undue delay and wasted time at trial."); *Crockett v. Ford Motor Co.*, No. 12-cv-13869, 2016 WL 949211, at *3 (E.D. Mich. Mar. 14, 2016) ("As a general matter . . . evidence and argument related to claims that the Court dismissed on summary judgment should be excluded . . . [because] this evidence is not relevant."). Furthermore, its probative value is substantially outweighed by a high risk of unfair prejudice, which the Sixth Circuit has defined as "the undue tendency to suggest a decision based on improper considerations." *Doe v. Claiborne County*, 103 F.3d 495, 515 (6th Cir. 1996). The Court believes that this evidence poses a high risk of inflaming the jury's passions, allowing the jury to reach a decision on improper bases. *See*

*Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352, 360 (6th Cir. 1997) (6th Cir. 1997) ("Otherwise relevant evidence may permissibly be excluded if it serves to inflame the passions of the jury."). Therefore, evidence and damages relating to Plaintiff's dismissed claims must be excluded.

Accordingly, Defendant's Motion *in Limine* to Exclude Evidence and Damages Regarding Dismissed Claims is granted. This Order, however, does not preclude Plaintiff from introducing evidence demonstrating she was constructively discharged from her employment with Defendant, as this is relevant to Plaintiff's remaining claims.

### B. Defendant's Motion *in Limine* to Exclude Plaintiff's Expert Witnesses or to Limit Her Experts to One Witness

In its second Motion *in Limine*, Defendant seeks an order barring Plaintiff's expert witnesses—Dr. Bradley Klein, Dr. Sharon Martin, and Dr. Eileen Reickert— from testifying, or in the alternative, allowing only one expert witness to testify. ECF No. 37. Defendant advances several arguments in support of this Motion. First, Defendant asserts that Plaintiff failed to timely qualify these witnesses as experts pursuant to Federal Rule of Civil Procedure 26(a)(2). ECF No. 43, PageID. 825-26. Second, Defendant claims this evidence is irrelevant under Rule 401. ECF No. 37, PageID.777-78. Lastly, Defendant contends that allowing all three of Plaintiff's expert witnesses to testify would prolong the trial because their testimony will be redundant and cumulative. *Id.* at PageID.778. In contrast,

7

Plaintiff avows that these experts are her treating physicians who can testify as lay witnesses regarding her medical history and disabilities, treatment for her disabilities, potential accommodations under the ADA, and the negative impact Defendant's treatment of Plaintiff has had on her wellbeing. ECF No. 40, PageID.795. Even if her physicians are admitted as expert witnesses, Plaintiff argues, Defendant's Rule 403 objection that their opinions will be redundant and cumulative is premature, as she does not plan to introduce cumulative and repetitive testimony from these witnesses. *Id.* at PageID.795-96.

As an initial matter, the Court must determine whether these witnesses are permitted to testify as expert witnesses. Under Federal Rule of Civil Procedure 26(a)(2), "a party must disclose to the other parties the identity of any [expert] witness." If the expert witness is "retained or specifically employed to provide expert testimony in the case," the witness must prepare a signed, written report. Fed. R. Civ. P. 26(a)(2)(B). If a report is not required, the party's disclosure must state "the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705" and "a summary of the facts and opinions as to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Absent a stipulation or court order to the contrary, these disclosures must be made at least 90 days before trial. Fed. R. Civ. P. 26(a)(2)(D).

The Sixth Circuit has held that treating physician can provide expert testimony without providing a written report as long as the testimony relates to opinions formed at the time of treatment, not at the request of counsel. *Fielden v. CSX Transportation, Inc.*, 482 F.3d 866, 869 (6th Cir. 2007). Here, however, whether expert reports were required is of little consequence because Plaintiff's disclosures are insufficient either way. If Plaintiff's expert witnesses are considered retained experts, she failed to disclose their reports. And if we assume expert reports were not required, Plaintiff's disclosures do not accord with Rule 26(a)(2)(C)'s requirements.

As this Court has recognized, the summary of opinions required by Rule 26(a)(2)(C) "must state a view or judgment regarding a matter that affects the outcome of the case," and the summary of facts must contain a "brief account of facts—only those on which the expert relied in forming his or her opinions—that states the main points derived from a larger body of information." *Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 147 (E.D. Mich. 2020) (citation omitted). Merely stating the topics of the opinions and facts the expert can testify to will not suffice. *Id.*

Plaintiff's expert witness list—her only disclosure relating to expert witnesses—does not comport with these requirements. It contains cursory descriptions of the topics these witnesses can testify to:

9

- "Dr. Bradley Klein . . . is expected to have information and testify about his assessment and the documentation he provided requesting reasonable accommodations for Plaintiff, as well as expert testimony about individuals with her diagnoses, needs in the workplace, and effects of discrimination and harassment on Plaintiff;"

- "Dr. Sharon Martin . . . is expected to have information and testify about Plaintiff's conditions, treatment, and workplace needs, as well as expert testimony on individuals with Plaintiff's diagnoses, needs in the workplace, and effects of harassment on Plaintiff and/or individuals with these disabilities;"

- "Dr. Eileen Reickert . . . is expected to have information and testify about Plaintiff's conditions and treatment, as well as expert testimony on the needs of individuals with Plaintiff's diagnoses and symptoms in the workplace."

ECF No. 15, PageID.111. These descriptions are deficient because they do not state the witnesses' views or judgments regarding a matter that affects the outcome of the case, nor do they contain a brief summary of facts they relied on in forming their opinions. Therefore, Dr. Klein, Dr. Martin, and Dr. Reickert will not be permitted to testify as expert witnesses. They may, however, testify as lay witnesses.

Next, the Court finds that these witnesses' lay testimony is relevant under Rule 401. As Plaintiff's treating physicians, their testimony is likely to be probative of Plaintiff's disability, the existence of which is a fact of consequence in determining Plaintiff's claims. Furthermore, the Court agrees with Plaintiff that Defendant's objection to these witnesses' testimony as redundant and cumulative is premature. There is no evidence before the Court indicating that the testimony provided by each witness will be duplicative. Defendant should reserve these objections for trial.

For the foregoing reasons, the Court grants in part and denies in part Defendant's Motion *in Limine* to Exclude Plaintiff's Expert Witnesses or to Limit Her Experts to One Witness. Dr. Klein, Dr. Martin, and Dr. Reickert may not testify as expert witnesses. They may, however, testify as lay witnesses. Defendant may object to their testimony at trial if it is redundant and cumulative.

### C. Defendant's Motion *in Limine* to Exclude from Plaintiff's Witness List Witnesses No. 12, 20, 26, 27, and 28

Defendant's third Motion *in Limine* seeks an order excluding the following lay witnesses:

- No. 12: "City of Detroit Civil Rights, Inclusion, and Opportunity (CRIO) department staff and representatives . . . who is expected to have records and information about the allegations in Plaintiff's Complaint, the responses by her department and the City of Detroit;"

11

- No. 20: "Other staff and administrators in the Office of the Chief Investigator for the City of Detroit;"

- No. 26: "Daniel Loeffler, Equal Employment Opportunity Commission (EEOC) Investigator[] . . . who is expected to testify about the EEOC complaint filed by Plaintiff, the investigative process undertaken by him at the EEOC, and documentation received by all relevant parties;"

- No. 27: "Andrea May Sahouri, journalist for the Detroit Free Press[] . . . who is expected to testify about the articles she wrote pertaining to the conduct of Defendant and Defendant's employees as relevant to Plaintiff's complaints;"

- No. 28: "Mayor Mike Duggan, . . . who is expected to testify about the Mayor's office response to Plaintiff's Complaint and Defendant's Answer, policies, procedures, and processes regarding the City's Response and oversight of civil rights and employment disputes;"

- No. 14: "Kimberly Rustem, Director, City of Detroit Civil Rights, Inclusion, and Opportunity Department[,] . . . who is expected to have information about Defendant's records, memorandum, responses, and allegations in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses[.]"

ECF No. 37; ECF No. 12. The Court will address these witnesses in turn.

1. Witnesses No. 12 and 20

Witnesses 12 and 20 are generally identified witnesses. Under Federal Rule of Civil Procedure 26(a)(3), "a party must provide to the other parties and promptly file . . . the name and, if not previously provided, the address and telephone number of each witness." If a party fails to do so, "the party is not allowed to use that information or witness . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendant rightly points out that the purpose of the federal rules governing discovery—and especially Rule 26—is to prevent "trial by ambush." *Mote v. City of Chelsea*, 391 F. Supp. 3d 720, 737 (E.D. Mich. 2019); *Compuware Corp. v. Opnet Technologies, Inc.*, No. 04-73749, 2006 WL 8431538, at *3 (E.D. Mich. Mar. 13, 2006) (citation omitted). By failing to specify the names of witnesses 12 and 20, Plaintiff's disclosure fails to comport with Rule 26(a)(3)(i). Plaintiff had ample time during discovery to learn their identities. In fact, Plaintiff's witness list contains specifically named witnesses from the offices described under witnesses 12 and 20. *See* ECF No. 12.

While, as Plaintiff claims, Defendant "knows exactly who its personnel is today and at all relevant times," this fact does not diminish the unfair prejudice—namely, surprise at trial—Defendant will suffer if Plaintiff is permitted to call

13

these witnesses. Given that trial is only two weeks away, the Court does not believe a supplemental witness list will resolve this issue. Therefore, the Court grants this Motion *in Limine* as it relates to witnesses 12 and 20.

### 2. Witnesses No. 26, 27, and 28

Defendant seeks an order excluding testimony from Daniel Loeffler (No. 26), Andrea May Sahouri (No. 27), and Mayor Mike Duggan (No. 28). In her Response, Plaintiff indicates that she no longer plans to call these witnesses. Therefore, Defendant's Motion as it relates to these witnesses is granted.

In conclusion, Defendant's Motion *in Limine* to Exclude from Plaintiff's Witness List Witnesses No. 12, 20, 26, 27, and 28 is granted.[1]

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion *in Limine* to Exclude Evidence and Damages Regarding Dismissed Claims [#36] is GRANTED, Defendant's Motion *in Limine* to Exclude Plaintiff's Expert Witnesses or Limit Her Experts to One Witness [#37] is GRANTED IN PART and DENIED IN PART, and Defendant's Motion *in Limine* to Exclude Witnesses 12, 20, 26, 27, 28 [#38] is GRANTED.

---

[1] Defendant's Motion lists Kimberly Rustem as one of the witnesses it seeks to exclude. However, Defendant does not advance any arguments as to why her exclusion is necessary, nor is she mentioned in Defendant's brief. Therefore, Defendant's Motion as it relates to Ms. Rustem is denied.

SO ORDERED.

Dated: September 24, 2024 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 24, 2024, by electronic and/or ordinary mail.

/s/ Marlena Williams
Case Manager

15